IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:00-CR-171 |
| | ) | |
| JASON BEST, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion for Production of Grand Jury Transcripts and Make Up, filed by pro se Petitioner, Jason Best, on March 12, 2007.  For the reasons set forth below, the motion is **DENIED**.

In his motion, Best asks for the racial make up of the grand jurors, the cities the grand jurors were from, the job description of the grand jurors, and evidence pertaining to 532 Hovey Street statements and transcripts from officers and prosecutors regarding the indictment Counts 2 and 3.  (Def.'s Reply to Prosecutor's Resp., p. 3.)  To the extent Best requests grand jury transcripts of witnesses who testified at trial, the Government has already provided those transcripts to Best pursuant to the Court's discovery order, the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure.

Regarding Best's request for transcripts of other witnesses who appeared before the grand jury, and the racial makeup, jobs, and cities where the grand jurors were from, he has not satisfied the rigorous standard to obtain such material that is ordinarily kept secret. Our judicial system has recognized that the proper functioning of grand jury proceedings depends upon their absolute secrecy. *See Douglas Oil Co. Of California v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). Federal Rule of Criminal Procedure Rule 6(e) codifies the rule that grand jury proceedings should be kept secret. *See* Fed. R. Crim. P. 6(e). "[P]arties seeking disclosure of grand jury transcripts must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Matter of Grand Jury Proceedings, Special Sept., 1986,* 942 F.2d 1195, 1198 (7th Cir. 1991) (citing *Douglas Oil Co.*, 441 U.S. at 222). Grand jury secrecy may not be broken except where the party seeking disclosure can show a "compelling necessity" or a "particularized need." *Id.* Our circuit has held that "[i]n determining whether disclosure of grand jury matters is appropriate in any given case, a court must exercise substantial discretion, weighing the need for secrecy against the need for disclosure of specified documents and testimony occurring before the grand jury." *Matter of Grand Jury Proceedings, Miller Brewing Co.,* 687 F.2d 1079, 1088 (7th Cir.

1982) (citing *Douglas Oil Co.*, 441 U.S. at 223-24).

Here, Best merely argues that "there is no way a Grand Jury should have indicted Mr. Best on Counts 2 and 3, without some kind of prosecutor misconduct or a biased Grand Jury . . . ." (Def.'s Reply to Prosecutor's Resp., p. 2.)  Best has failed to demonstrate a particularized need for the grand jury testimony or the detailed information about the grand jurors.  *See, e.g., United States v. Edelson*, 581 F.2d 1290, 1291 (7th Cir. 1979) (finding a defendant seeking the production of grand jury transcripts must do more than make general unsubstantiated or speculative allegations of impropriety to prevail under Rule 6(e)(3)(c)(ii) (the former rule)).  Rather, Best seems to be fishing for anything helpful to his cause.  "The secrecy of a grand jury proceeding is not to be pierced by such a slender reed: a mere possibility of benefit does not satisfy the required showing of a particularized need."  *Matter of Jury Proceedings*, *Special Sept., 1986*, 942 F.2d at 1199.

For the aforementioned reasons, the Motion for Production of Grand Jury Transcripts and Make Up, filed by pro se Petitioner, Jason Best, on March 12, 2007, is **DENIED**.


**DATED: April 4, 2007**                    /s/ RUDY LOZANO, Judge
                                            **United States District Court**

3