```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION
```

UNITED STATES OF AMERICA,    )
                             )
Plaintiff,                   )
                             )
vs.                          )   NO. 2:00-CR-171
                             )
JASON BEST,                  )
                             )
Defendant/Petitioner.        )

## OPINION AND ORDER

This matter is before the Court on the "Motion to Recuse Judge Under 28 U.S.C. 144," filed by Petitioner, Jason Best, on September 7, 2007.  For the reasons stated below, the motion is **DENIED**.

Best filed the instant motion to recuse pursuant to 28 U.S.C. section 144, along with an affidavit in support.  Best argues that this Judge was biased and unfair in the handling of Best's trial and post-trial issues, and criticizes this Judge for making sure that the decisions are "almost un-appealable."  In his affidavit in support of the motion, Best criticized this Judge's demeanor at trial and at post-trial hearings, and the rulings on his motion to suppress and sentencing.

Section 144 provides that whenever a party files a "timely and sufficient affidavit" that the judge of the party's case has a "personal bias or prejudice," the case shall be assigned to a

different judge.  28 U.S.C. § 144.  The bias must be personal rather than judicial, and "[t]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993).  The affidavit must show a personal bias "and that it stems from an extrajudicial source- some source other than what the judge has learned through the participation in the case."  *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985) (citation omitted).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion."  *Liteky v. United States*, 510 U.S. 540, 541 (1994).

   Best has not met the statutory requirements.  First, Best's affidavit was not filed until well after the disposition of the entire case, thus it is not timely.  Even if it had been filed properly, however, the affidavit exhibits no personal bias.  Best claims that Judge Lozano must be biased because of the rulings he has made during this case and argues it is "clear that Judge Lozano is bending over backwards just to make sure Best don't have a fighting chance."  (Aff., p. 4.)  The affidavit falls fart short of showing any extrajudicial contacts, much less any personal bias.  Therefore, the Motion to Recuse is **DENIED**.

**DATED: September 19, 2007**           **/s/ RUDY LOZANO, Judge**
                                        **United States District Court**

2