```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF INDIANA
                   HAMMOND DIVISION
```

```
UNITED STATES OF AMERICA,     )
                              )
Plaintiff,                    )
                              )
vs.                           )   NO. 2:00-CR-171
                              )
JASON BEST,                   )
                              )
Defendant/Petitioner.         )
```

## OPINION AND ORDER

This matter is before the Court on the "Motion for Time Extension," filed by Defendant, Jason Best, on January 22, 2008. For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

In his motion, Best states his 28 U.S.C. section 2255 motion is due on February 20, 2008. He requests a 60-day extension of time, claiming there are pending motions before this Court as well as the Court of Appeals concerning production of discovery that he needs to support his section 2255 motion.

DISCUSSION

Title 28 United States Code Section 2255 prescribes that a "1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255. "The limitation period shall run from

the latest of (1) the date on which the judgment of conviction becomes final." *Id.*  In this case, Best was convicted by a jury of one count of conspiracy to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 846, two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), and two counts of maintaining a place for distribution of crack cocaine in violation of 21 U.S.C. § 856(a)(1).  Relying upon the Sentencing Guidelines, this Court sentenced Best to life imprisonment.

In *United States v. Best*, 426 F.3d 937 (7th Cir. 2005), the Seventh Circuit affirmed the decision in part, but ordered a limited remand of Best's sentence in accordance with *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).  Best filed a writ of certiorari, and on February 20, 2007, the Supreme Court of the United States denied the petition.  *See In re Best*, 127 S. Ct. 1304 (Feb. 20, 2007). This Court issued an order on March 7, 2006, finding that the original sentence calculated under the Guidelines was reasonable and fair, and that the Court would not have chosen a different sentence had it known that the Guidelines were mandatory.  The Seventh Circuit issued an order on April 25, 2006, affirming the sentence issued by this Court.  Best's conviction became final on February 20, 2007, the date the Supreme Court denied certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding

2

finality attaches when Supreme Court denies a petition for writ of certiorari). Thus, Best is correct in his calculation that his section 2255 petition should be filed on or before February 20, 2008.

The one-year time limit is not jurisdictional, and can be extended in narrow instances such as "unique circumstances" or those giving rise to equitable tolling. *See Poe v. United States*, 468 F.3d 473, 477-78 (7th Cir. 2006); *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004). The doctrine of "unique circumstances" applies "only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that his act has been properly done." *Poe*, 468 F.3d at 477-78 (quoting *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 179 (1989)).

In this case, there is no evidence that a judicial officer ever gave any assurances to Best that he properly performed an act that would postpone the deadline for filing his section 2255 motion. Although Best claims that there are pending motions before this Court, all motions filed to date have been ruled upon by this Court. Best is correct that his notice of appeal, filed on April 19, 2007, has not been ruled upon by the Seventh Circuit. However, the Seventh Circuit notified Best on April 25, 2007, of his appeal's tardiness (it was one day late), and notified Best that he may file a notarized statement or a declaration in compliance with

3

28 U.S.C. section 1746 setting forth the date the notice of appeal was deposited in the prison's internal mail system and stating whether first class postage was prepaid.  Best filed a "Time Extension for Notice of Appeal" on May 7, 2007.  This Court denied the motion for extension of time to file a notice of appeal because Best's affidavit failed to state that he put the notice in the prison mail system with prepaid first-class postage.  *See United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004) (holding Rule 4(c)(1) requires the declaration to state both the date of deposit and that first-class postage had been prepaid, finding "50% is not enough.").  Thus, although Best's notice of appeal remains pending with the Seventh Circuit, it will likely be denied as untimely.

To the extent Best's current motion can be considered a request for equitable tolling, it still fails.  "Equitable tolling is a remedy reserved for '[e]xtraordinary circumstances far beyond the litigant's control [that] . . . prevented timely filing.'" *Nolan*, 358 F.3d 484 (quoting *Modrowski v. Mote*, 332 F.3d 965, 967 (7th Cir. 2003)).  "Equitable tolling of the statute of limitations is such exceptional relief that 'we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context.'" *Nolan*, 358 F.3d at 484 (quoting *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002)).  In this case, Best claims he needs the production of certain discovery to support his section 2255 motion.  Best is seeking the production of grand jury

4

transcripts and the makeup of the grand jury, a request which this Court previously denied.  (*See* this Court's order dated April 4, 2007.)  The Seventh Circuit has held that "unavailability of a transcript does not allow equitable tolling to excuse an otherwise untimely petition." *Lloyd*, 296 F.3d at 634.  Here, the transcript is not only unavailable, but this Court has ruled that Best is not entitled to the grand jury transcript or information comprising the makeup of the grand jury.  Therefore, Best's request for an extension of time is **DENIED.**

CONCLUSION

For the aforementioned reasons, Best's "Motion for Time Extension" is **DENIED.**


**DATED: January 29, 2008**              **/s/ RUDY LOZANO, Judge**
                                         **United States District Court**

5