# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:00-CR-171 |
| | ) | No. 2:08-CV-59 |
| JASON BEST, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by pro se Petitioner, Jason Best, on February 19, 2008. For the reasons set forth below, the section 2255 motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Prisoner #34828-077), at the Tucson USP US Penitentiary, Inmate Mail/Parcels, Tucson, AZ 85734, or to such other more current address that may be on file for the Petitioner.


BACKGROUND

Petitioner, Jason Best, was convicted by a jury of one count of conspiracy to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. section 846 (Count One), two counts of

possession with intent to distribute crack cocaine in violation of 21 U.S.C. section 841(a)(1) (Counts 2 and 3), and two counts of maintaining a place for distribution of crack cocaine in violation of 21 U.S.C. section 856 (a)(1) (Counts 7 and 8). Best was sentenced to a term of life imprisonment on Count 1, a term of 240 months imprisonment on Count 2, 480 months on Count 3, 240 months on Count 7, and 240 months on Count 8, all terms to be served concurrently.

Best filed a direct appeal with the Seventh Circuit, and on October 24, 2005, the Court of Appeals affirmed the conviction. *See United States v. Best*, 426 F.3d 937 (7th Cir. 2005). The Seventh Circuit did, however, return the case to this Court for a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005). After this Court received written arguments on the *Paladino* issue, it entered an order on March 7, 2006, finding that the original sentence calculated under the United States Sentencing Guidelines (the "Guidelines") was fair and reasonable, and that the Court would have given the same sentence had it known that the guidelines were merely advisory and not mandatory. The Seventh Circuit then affirmed Petitioner's sentence. *See United States v. Best*, 175 Fed.Appx. 755 (7th Cir. 2006). Best also filed a petition for certiorari, which was denied on February 20, 2007. *See Best v. United States*, 127 S.Ct. 1304 (2007). Therefore, Best timely filed the instant petition on

February 19, 2008, within the one year time limit. The Government filed its response on June 26, 2008. Having been fully briefed, this motion is now ripe for adjudication.

Best sets forth numerous claims in his section 2255 petition. They can largely be divided into three categories of ineffective assistance of counsel claims: (1) during pretrial motions and trial; (2) on appeal; and (3) during the sentencing proceedings. Attorney Clark Holesinger was originally appointed to represent Best. The Government then filed a superceding indictment, which added a murder charge against Best. This Court then appointed Gary German (who later withdrew) and then Thomas Vanes to serve as co-counsel. The murder charge was later severed from the drug counts, and ultimately dismissed. Just prior to the start of Best's jury trial on July 15, 2002, Best sent a letter to this Court indicating he wished to proceed pro se (Best had made the request to go pro se twice earlier in the litigation, but backed off this position during two previous hearings, stating he was satisfied with Holesinger's representation). Before trial, this Court held another hearing on Best's renewed request to go pro se. After engaging in a lengthy colloquy about Best's legal knowledge and skills, and after warning Best that he would be far better defended by a trained lawyer, the Court accepted Best's request to proceed pro se, finding he had made the decision voluntarily and knowingly. Attorneys Vanes and Holesinger were retained as standby counsel.

Best quickly became disillusioned with self-representation, and after the first day of trial, asked the Court to reinstate Holesinger and Vanes.  Over objections by the lawyers, the Court reinstated Vanes and Holesinger as Best's counsel and continued with the trial.  On July 23, 2002, the jury convicted Best on five of the seven counts.

A suppression hearing occurred post-trial, on November 1 and 15, 2002.  Best asked the Court to appoint substitute counsel for his sentencing hearing, but the Court refused, and the hearing was held with Vanes and Holesinger as counsel on December 1, 2003.  Attorney Sue Choi was appointed to represent Best during his appeal to the Seventh Circuit.  Then, this Court appointed attorney Adam Tavitas to represent Best for purposes of the *Paladino* re-sentencing issue.

DISCUSSION

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations."  *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.; Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se

complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Best's claims with these guidelines in mind.

Ineffective Assistance of Trial Counsel

Best argues that his trial counsel provided ineffective assistance of counsel for four main reasons: (1) they failed to argue that Best was selectively prosecuted by the Government; (2) they failed to file pre-trial motions, notably, a motion to

6

suppress car keys subpoenaed from a towing company and evidence seized from a vehicle; (3) counsel failed to investigate or file a suppression motion based on an allegedly illegal search of 798 Porter Street; and (4) counsel failed to make *Apprendi* arguments at sentencing.

During his direct appeal, Best contended that he received ineffective assistance of counsel at both the guilt phase and the sentencing phase of the trial. *Best*, 426 F.3d at 944. Specifically, he claimed that counsel was ineffective because they presented only one testifying witness on his behalf, and they failed to investigate other witnesses. *Id.* at 944-45. Best also argued that he received constitutionally ineffective assistance of counsel during the sentencing proceeding, but he focused his argument on the court's denial of his request to appoint substitute counsel during that stage of the proceedings. *Id.* at 947. In ruling on these issues, the Seventh Circuit noted that "[n]ormally, we do not review ineffective assistance of counsel claims on direct review." *Id.* at 944. However, Best's case was the "exceptional case" in which the claim could be fully evaluated only on the record below, thus, the Seventh Circuit was permitted to reach the question of ineffective assistance of counsel during the direct appeal. *Id.* In its analysis, the Seventh Circuit found Best could not satisfy the first part of the *Strickland* test:

> Best cannot show that he was prejudiced by any or all of these problems. The government had

> overwhelming evidence of Best's guilt, including 21
> witnesses testifying that Best was involved in
> selling and distributing crack. The government's
> witnesses gave detailed accounts of Best's
> involvement in supplying and organizing crack
> distribution in Gary . . . . During the two raids
> at Hovey Street, the agents found Best in the
> presence of crack and firearms with large sums of
> cash on his person.

*Id.* at 946-47. The Seventh Circuit also found that this Court did not abuse its discretion in denying Best's motion for new counsel during sentencing. *Id.* at 948.

Because Best's claim for ineffective assistance of trial counsel has already been addressed and ruled upon by the Seventh Circuit, Best's current claims for ineffective assistance of counsel at trial are barred. This is true even for the additional claims of ineffective assistance of counsel that Best has stated for the first time in this motion. *See Peoples v. United States*, 403 F.3d 844 (7th Cir. 2005). In *Peoples*, the Seventh Circuit twice reviewed and denied the defendant's claims of ineffective assistance of counsel. Then, defendant filed a section 2255 motion claiming additional examples of ineffective assistance of trial counsel. The district court refused to evaluate the motion, and the Seventh Circuit affirmed stating:

> [O]ne who makes and loses a contention that counsel
> was ineffective for four reasons cannot start over
> by choosing four different (or four additional)
> failings to emphasize . . . we have reiterated that
> a defendant who chooses to make an ineffective-
> assistance argument on direct appeal cannot present
> it again on collateral review.

*Id.* at 848; *see also Fuller v. United States*, 398 F.3d 644, 649 (7th Cir. 2005) (quotations omitted) ("In the context of § 2255 petitions, the 'law of the case' doctrine dictates that once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a court asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it." The law of the case doctrine "blocks new theories as well as old ones." *Peoples*, 403 F.3d at 846.

Best gives no compelling reason here to reexamine his claim of ineffective assistance of counsel at trial. There has not been a change of law, and newly discovered evidence has not surfaced. Therefore, Best's four claims alleging ineffective assistance of trial counsel (failure to argue Best was selectively prosecuted, failure to file pre-trial motions, failure to file a suppression motion based on 798 Porter Street, and failure to make certain objections at sentencing) are barred by the law of the case doctrine.

Ineffective Assistance of Appellate Counsel

Best argues that his appellate counsel was ineffective because she failed to present certain arguments on appeal. Generally, the performance of appellate counsel is assessed using the same standards applied to trial counsel under *Strickland v. Washington*,

466 U.S. 668 (1984). *Mason v. Hanks*, 97 F.3d 887, 892 (7th Cir. 1996). Under *Strickland*, counsel is ineffective when counsel's "conduct so undermined the proper functioning of the adversarial process that the trial [or appeal] cannot be relied upon as having produced a just result." *Strickland*, 466 U.S. at 686. To prevail, Best must satisfy both prongs of a two-pronged test. First, he must show that his lawyer's performance "fell below an objective standard of reasonableness." *Id.* at 688. Second, Best must also show that any ineffectiveness prejudiced him, rendering the proceeding fundamentally unfair and the result unreliable. *Id.* at 691-92. There is a strong presumption that the petitioner's counsel was constitutionally effective. *Id.* at 688; *Hollenback v. United States*, 987 F.2d 1272, 1275 (7th Cir. 1993); *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) ("[w]hen counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect.").

Importantly, "[e]ffective advocacy does not require the appellate attorney to raise every non-frivolous issue under the sun, of course." *Mason*, 97 F.3d at 893. "One of the principal functions of appellate counsel is winnowing the potential claims so that the court may focus on those with the best prospects." *Id.* (quoting *Page v. United States*, 884 F.2d 300, 302 (7th Cir. 1989)). The Court must review counsel's decisions:

Genuinely strategic decisions that were arguably
appropriate at the time, but, with the benefit of
hindsight appear less than brilliant will not be
second-guessed. But when appellate counsel omits
(without legitimate strategic purpose) a
significant and obvious issue, we will deem his
performance deficient, and when that omitted issue
may have resulted in a reversal of the conviction,
or an order for a new trial, we will deem the lack
of effective assistance prejudicial.

*Mason*, 97 F.3d at 893 (citations and quotations omitted).
"Generally, only when ignored issues are clearly stronger than
those presented, will the presumption of effective assistance of
counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.
1985).

### 798 Porter Street

First, Best claims his appellate counsel was ineffective when
she failed to appeal this Court's decision denying the motion to
suppress related to Count 8 (798 Porter Street). Best filed the
motion to suppress evidence taken from 798 Porter Street post-
trial, but this Court denied it in a lengthy opinion, finding Best
failed to show he had a legitimate expectation of privacy in that
building. (DE #511, Order dated February 10, 2003.) Nothing in
Best's argument convinced this Court that Best had an expectation
of privacy at 798 Porter Street; therefore, this Court does not
believe this argument is "clearly stronger" than those actually
presented to the Seventh Circuit.

## 532 Hovey Street

Best also claims that his trial counsel should have filed timely pretrial motions to suppress evidence gathered from 532 Hovey Street (Counts 2 and 3).[1] Best claims such a motion would let the jury hear evidence on how officers illegally entered 532 Hovey Street on two occasions resulting in a different outcome in the verdict. (*See* Br. In Supp. Of Section 2255, p. 21.) To the extent Best is claiming his trial counsel was ineffective for not timely filing this motion to suppress before trial, this issue was addressed and rejected by the Seventh Circuit (*Best*, 426 F.3d at 940-41), and Best's current additional claims for ineffective assistance of counsel at trial are barred. *See Fuller*, 398 F.3d at 649. To the extent Best argues that his appellate counsel should have appealed this issue, Best has not shown that it was more "obvious" or "clearly stronger" than those already appealed. *See Gray*, 800 F.2d at 646.


## 1536 Jackson St. Car Keys and Car Stop

Best also argues that his trial counsel should have filed timely motions to suppress evidence obtained from a car stop

---

[1] Confusingly, Best includes this argument in his memorandum under the section about alleged appellate counsel deficiencies, but then only argues that his trial counsel was ineffective.

associated with 1536 Jackson (Count 7).[2]  He believes such a
suppression hearing would have shown that a police officer was not
truthful and the "evidence would have been suppressed or jury would
have found Best not guilty."  (Br. In Supp. Of Section 2255, p.
22.)  Once again, the claim of ineffective assistance of trial
counsel was ruled upon by the Seventh Circuit, and Best's current
additional claims for ineffective assistance of counsel at trial
are barred.  *See Fuller*, 398 F.3d at 649.  To the extent Best
argues that his appellate counsel should have appealed this issue,
Best has not shown that it was more "obvious" or "clearly stronger"
than those already appealed.  *See Gray*, 800 F.2d at 646.

Witnesses Not Investigated By Attorneys

Best claims he provided his trial counsel with a list of
witnesses that would have been helpful to his defense, but counsel
failed to investigate.  Once again, this argument appears in the
appellate section of Best's memorandum, but only discusses trial
counsel.  Best raised this argument in his direct appeal to the
Seventh Circuit.  The Court rejected the argument, finding:

> We need not decide, however, whether this
> performance was so deficient that it flunks the
> first part of the *Strickland* test, because Best
> cannot show that he was prejudiced by any or all of
> these problems. . . . Therefore, Best cannot show a

---

[2] Again, Best includes this argument in his section under
alleged appellate counsel deficiencies, but only argues that his
trial counsel was ineffective.

> reasonable probability that the outcome of his
> trial would have been different had the lawyers
> done exactly what he wished.

*Best*, 426 F.3d at 946-47. The law of the case is binding on this
Court. *See Fuller*, 398 F.3d at 649.


## Trial Counsel Stipulating to Drug Testing

Best claims that his trial counsel prejudiced him when they
stipulated to the amount and type of drugs seized by the
authorities from the various locations. He argues that he would
have proved that the drugs were powder cocaine, and not crack.
(Br. In Supp. Of Section 2255, p. 24.) Again, although this
argument appears under the subheading that Best's appellate counsel
was ineffective, he only contends that trial counsel (not
appellate) was remiss. This type of decision made by counsel
regarding stipulating to the amount and type of drug used is a
classic example of a strategic choice which cannot be attacked as
ineffective assistance of counsel. *See, e.g., United States v.
Ashley*, 41 Fed. Appx. 240, 243 (10th Cir. 2002) (finding counsel's
decision to stipulate to Government expert's testimony that the
seized drugs were cocaine base was a "legitimate strategic choice"
to prevent presentation of harmful Government forensics evidence to
be submitted to jury); *Lemon v. United States*, 335 F.3d 1095, 1096
(8th Cir. 2003) (holding defense counsel's decision to stipulate
that drug was crack cocaine was not ineffective assistance, rather

the decision was part of "reasonable trial strategy" in which counsel sought to disprove element of possession rather than drug type). When this Court considered the same argument in the context of denying Best's motion for a new trial, it ruled that the decision was a "strategic choice . . . exactly the kind of decision that can *never* be recast as constitutionally ineffective assistance of counsel." (DE #548, November 26, 2003 Order, p. 18 (emphasis in original).)

Finally, Best has not produced any evidence that the drugs in question were, in fact, powder cocaine instead of cocaine base. His own cousin, Curtis Robinson, testified that Best was selling large amounts of crack cocaine. (Trial Tr. Vol. 4, pp. 730-733, 737, 760.) Therefore, Best has not proved prejudice. Nor has he established that this claim was clearly stronger than those presented in the appeal.

Attorneys Did Not Let Best Testify

Best claims that his trial attorneys prevented him from testifying. Best made the same allegation after trial, and this Court conducted an evidentiary hearing, finding:

> Trial counsel are experienced criminal defense attorneys, and the Court finds it exceedingly difficult to believe they would have literally prevented Defendant from realizing his firm desire to testify in his defense. The Court finds it more likely that trial counsel ultimately prevailed upon Defendant to remain silent and put the Government to its proof.

15

> The Court's conclusion is bolstered by the
> fact that, as the Court noted during the
> August 30, 2002, hearing, the Court never
> observed *any* discord between Defendant and
> trial counsel during the trial. 8/30/02 Hr'g
> Tr. at 43-44. After considering the
> credibility and demeanor of Defendant and
> trial counsel at the August 30, 2002, hearing,
> as well as the above-described instances that
> corroborate trial counsel's version of the
> events, the Court finds that trial counsel did
> not prevent Defendant from exercising his
> constitutional right to testify on his behalf.
> Instead, the Court concludes it was
> Defendant's sole decision not to testify.

(DE #548, November 26, 2003 Order, pp. 13-14 (emphasis in original).) Therefore, Best's argument fails as appellate counsel had no basis to make this argument in the appeal.


### Failure To Grant New Counsel

Best argues that his appellate counsel was ineffective for not arguing in his appeal that this Court violated Best's Sixth Amendment right to counsel when this Court denied Best's request for new counsel after trial. Best raised this exact issue in his direct appeal to the Seventh Circuit, arguing that the Court improperly denied his request to appoint substitute counsel during the sentencing proceeding. The Seventh Circuit found that "it was reasonable for the court to disfavor a change in lawyers because it would disrupt the overall ongoing proceedings." *Best*, 426 F.3d at 947. Additionally, this Court "made an adequate inquiry into the need for new counsel" and "did not abuse its discretion in denying

16

Best's motion for new counsel." *Id.* at 947-48. Therefore, the law of the case prohibits re-litigating this issue, and any appeal on this issue would have been futile.

<u>Decision Not To Appeal Motion to Quash Petit Jury Venire</u>

Best faults his appellate counsel for being ineffective when she failed to appeal this Court's denial of his motion to quash petit jury venire, which alleged noncompliance with the Jury Service and Section of 1968, 28 U.S.C. section 1861, *et. seq.* (the "Act"), and a violation of the Sixth Amendment's right to a fair cross-section guarantee. Best does not provide any reasoning as to why this argument is clearly stronger than the ones presented in the appeal, merely concluding that if the appellate attorney had appealed this issue, "[t]heres [stet.] a good chance that the seventh circuit would have overturned Best [stet.] conviction and gave him a new trial." (Br. In Supp. Of Section 2255, p. 26.)

Under the Jury Selection and Service Act, juries must be "selected at random from a fair cross section of the community in the district or division wherein the court convenes" and "all citizens shall have the opportunity to be considered for service." 28 U.S.C. § 1861. Although a jury must be chosen from a source that is representative of the community, the Act does not require this to ensure representative juries, but rather impartial juries. *United States v. Ashley*, 54 F.3d 311, 313 (7th Cir. 1995). There

17

is no requirement that a venire or jury mirror the general population. *United States v. Duff*, 76 F.3d 122, 124 (7th Cir. 1996). A statutory challenge to the Act must be made by motion "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier." 28 U.S.C. § 1867(a). The motion must also contain "a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title . . . ." 28 U.S.C. § 1867(d).

In ruling on Best's oral motion to quash petit jury venire, this Court found that Best failed to comply with the proper procedural requirements:

> Defendant has not complied with the Act's requirement that he provide a sworn statement of facts which, if true, would constitute a substantial failure to comply with the Act's provisions . . . . A defendant who fails to comply with the Act's procedural requirements cannot pursue relief under the Act. [citations omitted] . . . On this basis alone, the Court could deny Defendant's request for relief under the Act.

(DE #411, August 7, 2002 Order, pp. 5-6.) This Court then went on to cite cases holding that failure to comply with the Act's procedures precludes relief. *See, e.g., United States v. Tillman*, 80 Fed.Appx. 520, 521 (7th Cir. 2003) ("[Defendant's] failure to comply with the procedural requirements [of 28 U.S.C. §1867(e)] precludes a statutory challenge to the array."); *United States v.*

*Phillips*, 239 F.3d 829, 840 (7th Cir. 2001) ("appellants failed to satisfy both of these procedural prerequisites [sworn statement under file before jury selection begins] for a statutory challenge to the jury array. The motion was made orally approximately three-quarters of the way into voir dire."). Because Best has failed to comply with the Act's procedural requirements, an appeal on this issue would not have been "clearly stronger" than the other enumerated arguments. *See Gray*, 800 F.2d at 646. The Court went on to find that even if Best had complied with the Act's procedural requirements, he still would not be entitled to relief because the Court clearly followed the process and procedures recommended by the Act. *See United States v. Phillips*, 239 F.3d 829, 841(7th Cir. 2001).

Best's Sixth Amendment claim revolves around his argument that not enough African-Americans were present in the jury venire. Best claims that an original venire was called of approximately 70 people, and 12 failed to appear. (Br. In Supp. Of Section 2255, p. 27.) The venire was first presented to another Court in the Hammond Division, *United States v. Suggs*, 2:01-cr-98, which also involved drug charges. *Id.* at 28. When the venire was presented to Best's case, 14 jurors had already been selected for *Suggs*. *Id.* 2 more jurors were excused, leaving 42 for Best's venire, with 2 African-Americans in the venire. *Id.* According to Best's figures (which this Court did not attempt to substantiate because Best did

not include proper citations for his alleged census data), Lake County and Porter County, Indiana has a population of 22% African-American, but the venire only consisted of 4.5% African-American (and no African-Americans were chosen for the jury). *Id.* Best argues it was unfair to fail to replace the jurors who did not show up, and the 14 assigned to *Suggs*, thus under-representing African-Americans. *Id.*

In addressing Best's Sixth Amendment claim, this Court found that Best did not demonstrate a systematic exclusion of African-Americans because he "presented no direct evidence whatsoever of any systematic exclusion of African-Americans in this Court's jury pools." (DE #411, August 7, 2002 Order, p. 10.) This case is similar to *United States v. Broadnax*, 475 F.Supp.2d 783 (N.D. Ind. 2007), in which Judge Allen Sharp declined to find a violation of the Sixth Amendment because the jury panel did not have any African-Americans within the venire, reasoning:

> the Defendant has not presented any evidence to support his claim that the selection of the jury was improper or that the representation of African Americans from the master wheel or on the jury list is not fair and reasonable in relation to the number of African Americans in the community. Additionally the Defendant has not offered any evidence that anyone was systematically excluded from the jury selection process. The Defendant's mere observation that there were no African Americans on a panel that was drawn from a population containing African Americans is simply not sufficient to demonstrate any systematic exclusion. [citations omitted.]

20

*Id.* at 794-95.  Similar circumstances exist here.  Best has not shown that any African-Americans were systematically excluded from the jury selection process.  As such, this argument would not have succeeded on appeal.

In sum, Best has not shown that any of the issues he enumerated would have changed the outcome of the appeal.  None are clearly stronger than those already raised on appeal.

<u>Ineffective Assistance of Sentencing Counsel</u>

Best's last layer of his claims of ineffective assistance is aimed at his counsel during the sentencing stage.  Best requests a hearing under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), arguing that a sentencing judge is limited to only the facts found by a jury.  The Seventh Circuit has recently addressed and rejected this exact argument:

> [Defendant's] lawyer made the frivolous contention . . . that only a jury (if there is a jury) can make findings of fact that can influence a sentence.  As we have explained countless times, echoing *Booker*, *see* 543 U.S. at 259-60, 125 S.Ct. 738, the first step in sentencing under the *Booker* regime is for the judge to determine the sentencing range under the sentencing guidelines.  *E.g., United States v. Roberson*, 474 F.3d 432, 435 (7th Cir. 2007).  To do so he often will have to make factual determinations.  He is authorized to do so. (Citation omitted) . . .

> The submission on behalf of [defendant] is incompetent.  In an argument section just two pages in length, the brief contends that *Booker* "specifically hold[s] that any Guideline sentence be calculated based only on facts found by a jury."

> That is the 'holding' of the dissenting Justices in
> *Booker*.

*United States v. Hawkins*, 480 F.3d 477-78 (7th Cir. 2007)
(citations omitted).

This Court already reviewed this case in light of *Paladino*,
and decided that it would have rendered the same sentence, even if
it knew at the time of sentencing that the Guidelines were merely
advisory. In order to succeed on a claim of ineffective assistance
of counsel at the sentencing hearing, a defendant must demonstrate
that his attorney performed in a deficient manner during the
hearing, and then prove "that but for his counsel's unprofessional
error, there is a reasonable probability that the results [of the
sentencing hearing] would have been different." *Strickland*, 466
U.S. at 687; *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir.
2003). Best has failed to point to any evidence that he could have
presented that would create a reasonable probability that the
result of his sentencing proceeding would have been different, and
therefore cannot demonstrate prejudice as a result of his
sentencing counsel's performance. *Berkey*, 318 F.3d at 774.


CONCLUSION

For the reasons set forth above, Best's section 2255 motion is
**DENIED**. The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**.
The Clerk is **FURTHER ORDERED** to distribute a copy of this order to

Petitioner (Prisoner #34828-077), at the Tucson USP US Penitentiary, Inmate Mail/Parcels, Tucson, AZ 85734, or to such other more current address that may be on file for the Petitioner.


**DATED: September 22, 2008**          **/s/ RUDY LOZANO, Judge**
                                       **United States District Court**