# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 2:00-CR-171 |
| | ) |
| JASON BEST, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion for Time Reduction Under 18 U.S.C. Section 3582, filed by Defendant, Jason Best, on September 5, 2008. For the reasons set forth below, Defendant's request for a sentencing modification (DE #668) is **DENIED**.

BACKGROUND

On July 23, 2002, Defendant, Jason Best, was convicted by a jury of one count of conspiracy to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. section 846 (Count One), two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. section 841(a)(1) (Counts 2 and 3), and two counts of maintaining a place for distribution of crack cocaine in violation of 21 U.S.C. section 856 (a)(1) (Counts 7 and 8). Best was sentenced to a term of life imprisonment on Count 1, a term of

240 months imprisonment on Count 2, 480 months on Count 3, 240 months on Count 7, and 240 months on Count 8, all terms to be served concurrently.

Best filed a direct appeal with the Seventh Circuit, and on October 24, 2005, the Court of Appeals affirmed the conviction. *See United States v. Best*, 426 F.3d 937 (7th Cir. 2005). The Seventh Circuit did, however, return the case to this Court for a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005). After this Court received written arguments on the *Paladino* issue, it entered an order on March 7, 2006, finding that the original sentence calculated under the United States Sentencing Guidelines (the "Guidelines") was fair and reasonable, and that the Court would have given the same sentence had it known that the guidelines were merely advisory and not mandatory. The Seventh Circuit then affirmed Petitioner's sentence. *See United States v. Best*, 175 Fed.Appx. 755 (7th Cir. 2006). Best also filed a petition for certiorari, which was denied on February 20, 2007. *See Best v. United States*, 127 S.Ct. 1304 (2007). In an order dated September 22, 2008, this Court recently denied Best's motion under 28 U.S.C. section 2255 to vacate, set aside, or correct his sentence.

In the instant motion, Best argues he is entitled to a sentence modification pursuant to 18 U.S.C. section 3582(c) in light of the November 1, 2007, United States Sentencing Guidelines,

U.S.S.G. § 2D1.1(c) "crack" amendment as applied retroactively by U.S.S.G. ¶ 1B1.10. On April 21, 2008, Best requested appointment of counsel for his section 3582 motion. This Court granted the motion and Jerome Flynn was appointed counsel. Best then moved to dismiss attorney Flynn as counsel. This Court then asked Best whether he wished to proceed pro se, or wished to be appointed an attorney from the CJA panel. Best responded that he wanted an attorney from the CJA panel, so Matthew Soliday was appointed. Once again, Best moved to dismiss counsel and requested to proceed pro se. This Court granted the motion, and abided by Best's wish to proceed pro se. The instant motion was filed by Best, pro se, on September 5, 2008, arguing that his sentence should be reduced. On September 12, 2008, the Government filed a response in opposition to the requested lower sentence.

At the time of his sentencing, Best's base offense level was 38 and his criminal history category was V. The original sentencing guideline range was life imprisonment, and the Court sentenced Best to life imprisonment on the conspiracy to distribute crack cocaine.

## DISCUSSION

At the time of Best's sentencing in 2004, the Sentencing Guidelines set distribution of 1.5 kilograms of crack cocaine as the threshold for the maximum base offense level of 38. *See* U.S.

Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1(c)(1)(2003). As the result of Amendment 706 to the Sentencing Guidelines, a quantity of 4.5 kilograms of crack is now the threshold for the maximum base offense level of 38. U.S.S.G. § 2D1.1(c)(1)(2007).

The Government argues that Amendment 706 has no retroactive impact in this case because the quantity of crack attributed to Best at the time of sentencing exceeded 4.5 kilograms. In contrast, Best argues that he was only found guilty on the conspiracy count of 50 grams or more of cocaine base, and the presentence investigation report ("PSR") only found Best responsible for 1.5 kilograms or more of cocaine base. (Mot. For Time Reduction, p. 6.) To the contrary, the Court made specific findings about each of the crack houses during sentencing and concluded that Best was responsible for more than 4.5 kilograms of crack, and such a conclusion is supported by the PSR as well.

During the sentencing hearing, the Court concluded that "[o]bviously, the total amount of crack cocaine that the Court has attributed to Mr. Best far exceeds 1.5 kilograms necessary to put the defendant at the highest offense level under the Guidelines." (Sent. Tr., p. 131.) The Court made specific findings about the amount of drugs attributable to each of the crack houses (and most of these are recorded in the PSR as well) including, but not limited to: 420 grams of crack at 1536 Jackson (Sent. Tr., pp. 124-226); 19 kilograms at 411 Mount Street (Sent. Tr., pp. 120-21); and

using "the most conservative estimates of drug weights," the Court also found 1.19 kilograms was sold from 798 Porter Street and 8.1 kilograms from 5209 W. 9th Avenue (Sent. Tr., pp. 127-130). Accordingly, this Court found that Best was responsible for much more than 4.5 kilograms of crack cocaine.

There is ample case law to support the premise that if the court previously made a finding of more than 4.5 kilograms of crack, or the court adopted findings of the PSR which included that fact, or the defendant admitted this fact in a change of plea hearing, the court in the section 3582(c) proceeding may rely on the higher quantity and reaffirm the application of offense level 38. *See, e.g., United States v. Woodson*, No. 08-2022, slip op. at 1, 2008 WL 2369636 (8th Cir. June 12, 2008) (ruling where sentence was based on finding that defendant's relevant conduct involved more than 4.5 kilograms of crack, defendant's "offense level would not change, his guideline range would not be lowered, and his original sentence is unaffected by the amendments"); *United States v. Hubbard*, No. 6:92-cr-35-ORL-19DAB, 2008 WL 977344, at *2 (M.D. Fla. Apr. 9, 2008) (denying motion for reduction in sentence where offense involved more than 4.5 kilograms of crack); *United States v. Degeorge*, No. 4:01-cr59-SPM, 2008 WL 2359903 (N.D. Fla. June 5, 2008) (denying motion to reduce sentence); *United States v. King*, No. CR01-2003-LLR, 2008 WL 2036894, at *1 (N.D. Iowa May 8, 2008) (finding "the court is unable to rely on Amendment 706 to reduce

the defendant's sentence . . . [b]ecause the sentence was based on a quantity of crack that exceeded 4.5 kilograms."); *United States v. Quary*, No. 95-40083-08-SAC, 2008 WL 1766951, at *2 (D. Kan. Apr. 15, 2008) (denying motion to reduce sentence because application of Amendment 706 did not lower defendant's applicable guideline range due to drug amount); *United States v. Milton*, No. 8:96CR46, slip op., 2008 WL 961853 (D. Neb. Apr. 9, 2008); *United States v. Grant*, No. 02-cr-022-02-JD, slip op., 2008 WL 906409 (D.N.H. Apr. 3, 2008) (denying reduction in base offense because the offense involved more than 4.5 kilograms of cocaine base); *United States v. Herrera*, No. CR-92-209-D, 2008 WL 410074 (W.D. Okla. Feb. 12, 2008); *United States v. Wright*, No. 93-386-5, 2008 WL 2265272 (E.D. Pa. June 3, 2008); *United States v. Stevens*, No. 7:90-cr-00310, slip op., 2008 WL 2330225 (D.S.C. June 3, 2008) (denying motion to reduce sentence where amended guidelines range was the same because the amount of crack involved); *United States v. Crenshaw*, No. 3:96CR000047, slip op., 2008 WL 2227564 (W.D. Va. May 29, 2008) (holding "[b]ecause the recommended guideline range has not changed [due to the drug quantity], this court lacks the authority to reduce the defendant's sentence.").

Courts also agree that, as in this case, where application of the amendment in question does not result in a different sentencing

range, the sentence may not be reduced.[1] *See, e.g., United States v. McFadden*, 523 F.3d 839, 840-41 (8th Cir. 2008) (rejecting motion to reduce under crack amendment); *United States v. Bruce*, No. 3:94cr00061-gmw-1, slip op., 2008 WL 678643, at *1 (W.D. Va. Mar. 11, 2008) (ruling the offense level should not be reduced because the amount exceeded 4.5 kilograms). Because this Court found that the offense committed by Best involved more than 4.5 kilograms, there is no basis for a reduction of sentence in this case. Best would have received a base offense level of 38 even under the amended guidelines. Therefore, Defendant does not benefit from the amendment. Had this Court calculated Defendant's base offense level using the November 1, 2007 U.S.S.G. §2D1.1(c) crack amendment, this Court still would have imposed a term of life imprisonment.

Finally, Best also argues that he is entitled to a reduction in time under Section 3582 for a number of other reasons, including that his Sixth Amendment rights and *Apprendi* were violated when the jury did not find the Guideline enhancements applied to him, the

---

[1] Title 18 U.S.C. § 3582(c)(2) permits the reduction of a defendant's sentence when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582. However, U.S.S.G. § 1B1.10(a)(2)(B) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Court improperly calculated the drug amount, and the factors under section 3553 justify a lower sentence. These arguments are impermissible in a motion, like this one, under section 3582. Section 3582(c) only permits a sentencing court to reduce a defendant's sentence when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). The revised policy statements provide that proceedings under Section 1B1.10 and Section 3582(c) "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). Rather:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline applications decisions unaffected*.

U.S.S.G. § 1B1.10(b)(1) (emphasis added). The case law is clear that the crack amendment does not permit challenging other sentencing calculations. *See, e.g., United States v. Williams*, No. 08-5014, 2008 WL 3861175, at *2 (10th Cir. Aug. 15, 2008) (finding defendant cannot collaterally challenge sentencing calculation through section 3582(c)(2) motion); *United States v. Smith*, No. 03-CR-92, 2008 WL 2600789, at *1 (E.D. Wis. June 26, 2008) (holding motion based on crack amendment does not permit revisiting of other sentencing determinations); *United States v. McNair*, No. 1:02-CR-

12, 2008 WL 833118, at *3 (N.D. Ind. Mar. 27, 2008) (stating adjustment based on crack amendment is not a full resentencing). Therefore, the Court lacks jurisdiction to rule on Best's other arguments.

CONCLUSION

For the reasons set forth above, Defendant's request for a sentencing modification (DE #668) is **DENIED**.

**DATED: October 8, 2008**              /s/ RUDY LOZANO, Judge
                                        **United States District**