# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JASON BEST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 2:00-CR-171 |
| | ) | (2:08-CV-59) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion For Relief Under Rule 60(B)(3), filed by Petitioner, Jason Best, on May 1, 2009 [DE #698]. For the reasons set forth below, the motion is **DISMISSED** for lack of jurisdiction. The Clerk is **ORDERED** to send a copy of this order, along with this Court's order denying his section 2255 motion [DE #666], this Court's order denying his section 3582 motion [DE #669], and a copy of the docket sheet from entries 565 until the present, to Jason Best, Prisoner #34828-077, Victorville FCI - 5300, P.O. Box 5300, Adelanto, California 92301, or his most recent address.

BACKGROUND

Petitioner, Jason Best, was convicted by a jury of one count of conspiracy to distribute more than 50 grams of crack cocaine in

violation of 21 U.S.C. section 846 (Count One), two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. section 841(a)(1) (Counts 2 and 3), and two counts of maintaining a place for distribution of crack cocaine in violation of 21 U.S.C. section 856 (a)(1) (Counts 7 and 8). Best was sentenced to a term of life imprisonment on Count 1, a term of 240 months imprisonment on Count 2, 480 months on Count 3, 240 months on Count 7, and 240 months on Count 8, all terms to be served concurrently.

Best filed a direct appeal with the Seventh Circuit, and on October 24, 2005, the Court of Appeals affirmed the conviction. *See United States v. Best*, 426 F.3d 937 (7th Cir. 2005). The Seventh Circuit did, however, return the case to this Court for a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005). After this Court received written arguments on the *Paladino* issue, it entered an order on March 7, 2006, finding that the original sentence calculated under the United States Sentencing Guidelines was fair and reasonable, and that the Court would have given the same sentence had it known that the Guidelines were merely advisory and not mandatory. The Seventh Circuit then affirmed Petitioner's sentence. *See United States v. Best*, 175 Fed.Appx. 755 (7th Cir. 2006). Best also filed a petition for certiorari, which was denied on February 20, 2007. *See Best v. United States*, 127 S.Ct. 1304 (2007).

On February 19, 2008, Best filed a Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. In that petition, Best set forth numerous arguments, claiming he was denied effective assistance of counsel during pretrial motions and trial, on appeal, and during the sentencing proceedings. This Court entered a detailed order on September 22, 2008, denying the section 2255 petition.

Separate from his section 2255 petition, Best filed a motion for time reduction under 18 U.S.C. section 3582 on September 5, 2008. In that motion, Best argued he was entitled to a sentence modification pursuant to 18 U.S.C. section 3582(c) in light of the November 1, 2007, United States Sentencing Guidelines U.S.S.G. § 2D1.1(c) "crack" amendment as applied retroactively by U.S.S.G. ¶ 1B1.10. This Court denied Best's request for a sentencing modification in an order dated October 8, 2008.

Best then filed a motion to reopen the time to file an appeal under Rule 4(A), requesting that the Court reopen the time to appeal for both Best's section 2255 motion and section 3582 motion. Best also filed a notice of appeal on March 16, 2009, in which he stated that he did not receive the Court orders for the denial of his section 2255 and 3582 motions. Pursuant to Federal Rule of Appellate Procedure 22(b), the Court treated the notice of appeal as a petition for a certificate of appealability under 28 U.S.C. section 2253. In an order dated March 31, 2009, this Court denied

3

Best's request to reopen the time to file an appeal from the order denying the motion to reduce sentence under 18 U.S.C. section 3582. The Court granted to the motion to reopen the time to file an appeal as to Best's appeal of the Court's denial of his section 2255 petition; however, the Court denied Best's request for a certificate of appealability.

Best filed the instant motion under Rule 60(b)(3) on May 1, 2009. In it, he argues that his conviction was obtained through fraud, misrepresentation, or prosecutorial misconduct, because (1) the search warrant obtained for 798 Porter Street was not signed by the judge, but instead forged; and (2) Best was selectively prosecuted.

DISCUSSION

In addressing a Rule 60(b) motion, this Court must first determine whether it has jurisdiction to entertain the motion. Under certain circumstances, a Rule 60(b) motion must be treated as a successive habeas petition. *See Dunlap v. Litscher*, 301 F.3d 873, 875 (7th Cir. 2002); *Harris v. Cotton*, 296 F.3d 578, 579-80 (7th Cir. 2002) (citations omitted) ("Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b)."). If a Rule 60(b) motion is in effect a second or successive petition, a

4

district court lacks jurisdiction to consider it unless the court of appeals has granted the petitioner permission to file such a petition. *See* 28 U.S.C. § 2255; *Dunlap*, 301 F.3d at 875 (explaining how 28 U.S.C. section 2255, paragraph 8, is "clear and bar[s] a district court from using Rule 60(b) to give a prisoner broader relief from a judgment rendered by the court in the prisoner's [2255] proceeding.").

In the instant case, the Government urges that this Court does not have subject matter jurisdiction over Best's motion because Rule 60(b) does not apply in criminal cases. Several of the cases cited by the Government involve criminal proceedings, such as the criminal forfeiture order in *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998), and *United States v. Paschal*, No. 02 C 8745, 98 CR 889-2, 2002 WL 31719624, at *2 (N.D. Ill. Dec. 4, 2002) (emphasis in original) (holding "it is well-settled that a defendant cannot challenge a criminal conviction under the Federal Rules of *Civil* Procedure."). However, as pointed out by Best in his reply motion, he has filed the instant motion attacking the Court's order on his section 2255 motion, which *is* a civil case. This Court agrees with the Government that it lacks jurisdiction over Best's present motion, but not because Rule 60 is inapplicable to criminal cases; rather, it is because Best's filing is really a successive 2255 motion, and he must first seek permission from the Seventh Circuit before this Court can address it. *See Dunlap*, 301

5

F.3d at 875.

Best relies upon *Gonzalez v. Crosby*, 545 U.S. 524 (2005), as a basis for permitting him to seek relief under Rule 60(b). In *Gonzalez*, the Court held that a motion under Rule 60(b) containing certain claims, such as when a petitioner claims that a subsequent change in substantive law is a reason justifying relief from a previous denial of a claim, "is, if not in substance, a 'habeas corpus application,' at least similar enough that failing to subject it to AEDPA's restrictions on successive habeas petitions would be 'inconsistent with' [2254]." *Id.* at 524. In making that finding, the Supreme Court approved the holdings of the Seventh Circuit and its sister circuits in cases such as *Dunlap*, 301 F.3d at 876. However, *Gonzales* also recognized that certain issues presented in Rule 60(b) motions should not be construed as successive petitions. *Gonzales*, 545 U.S. at 532; *see also Dunlap*, 301 F.3d at 876 ("It is only when Rule 60(b) conflicts with AEDPA that it is unavailable to a prisoner . . . [not when, for example,] the state procured dismissal of a prisoner's first federal habeas corpus proceeding by making fraudulent representations to the district court . . . .").

Whether a Rule 60(b) motion is properly considered a successive petition hinges on whether the arguments presented in the motion constitute a "claim," as the term claim is used in section 2244(b). The Court determined that a petitioner brings a

6

"claim" when his motion "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzales*, 545 U.S. at 532 (emphasis in original). The Court distinguished the case where a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* In those cases (where no "claim" is presented), "there is no basis for contending that the Rule 60(b) motion should be treated like a habeas petition." *Id.* at 533. "If neither the motion itself nor the judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed on its own terms creates no inconsistency with the habeas statute or rules." *Id. Gonzalez's* reasoning has been extended to section 2255 motions which implicate similar concerns of successiveness. *See United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). Therefore, where a motion challenges a perceived "defect in the integrity of the proceedings" under section 2255, a Rule 60(b) motion is appropriate.

Although Best tries to couch his motion as an attack on the integrity of the prior section 2255 proceedings, he is actually trying to revisit the issues already raised in his prior section 2255. Best argues in this Rule 60 motion that the search warrant for 798 Porter Street was obtained by fraud and contends that he was selectively prosecuted. Both of these arguments were made, although in a slightly different form, in Best's section 2255

7

motion. There, Best claimed that his trial counsel was ineffective for failing to investigate and timely file a suppression motion based on the allegedly illegal search of 798 Porter Street, and that his appellate counsel was ineffective when she failed to appeal this Court's decision denying the motion to suppress related to 798 Porter Street. [DE #628, pp. 8-10, 12, 19-20.] Best also claimed in his section 2255 petition that his trial counsel was ineffective for failing to argue he was selectively prosecuted. [DE #628, pp. 3-6, 11.] Both of these arguments, also advanced by Best in this Rule 60 motion, are "claims" under *Gonzalez* because he is attacking this Court's previous resolution of a claim on the merits. *Gonzalez*, 545 U.S. at 532. Best is not truly questioning the integrity of the habeas proceedings. For example, he is not asserting fraud on the Court during the habeas corpus proceedings, and he is not arguing that a previous ruling that precluded a merits determination was in error - for example, failure to exhaust, procedural default, or statute of limitations. *Id.* at 532 n. 4. Accordingly, Best's present motion does not set forth a "defect in the integrity of the proceedings" in the Court's decision to deny relief under section 2255. *Id.* at 532. Instead, the Rule 60(b) motion attempts to repeat the same substantive arguments made in his original 2255 motion.

As a result, Best's Rule 60(b) motion raises claims for relief rather than challenges to defects in a prior collateral review

8

proceeding, and must be treated as a successive section 2255 motion. Best was required to seek authorization from the Seventh Circuit prior to filing this motion, which he did not do. This Court lacks jurisdiction to entertain this motion without authorization from the Seventh Circuit. Accordingly, Best's Rule 60(b) motion is dismissed for lack of jurisdiction.

CONCLUSION

For the reasons set forth above, Best's Motion For Relief Under Rule 60(B)(3) is **DISMISSED** for lack of jurisdiction. The Clerk is **ORDERED** to send a copy of this order, along with this Court's order denying his section 2255 motion [DE #666], this Court's order denying his section 3582 motion [DE #669], and a copy of the docket sheet from entries 565 until the present, to Jason Best, Prisoner #34828-077, Victorville FCI - 5300, P.O. Box 5300, Adelanto, California 92301, or his most recent address.

**DATED: June 2, 2009**             /s/RUDY LOZANO, Judge
                                    **United States District Court**