**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:00-CR-171 |
| ) | 2:08-CV-59 |
| JASON BEST, ) | |
| ) | |
| Defendant/Petitioner. ) | |

### OPINION AND ORDER

This matter is before the Court on the "Motion For Recusal of Judge Under 28 U.S.C. 455," filed by Petitioner, Jason Best, on April 15, 2010. For the reasons stated below, the motion is **DENIED.**

Best filed the instant motion to recuse pursuant to 28 U.S.C. section 455, arguing that this Judge is "aiding and abetting the prosecution in fraud charges against Mr. Best." (Mot., p. 1.) Best also asserts that he is "in the middle of filing a post conviction motion concerning structural error and errors by the Court and would like a fair and reasonable decision in his case." (Mot., p. 2.)

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

questioned." 28 U.S.C. § 455(a). "The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *Matter of Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). In *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996), the Court stated that section 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." (Citations omitted.) "The trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *In re United States*, 441 F.3d 44, 68 (1st Cir. 2006).

Here, there is no extrajudicial source whereby Best argues that recusal is warranted. Moreover, to prevail on a request for recusal, the facts alleged must be sufficiently definite and particular to convince a reasonable person that bias exists. In this case, Best does not present any alleged facts suggestive of any form of bias. He merely claims that this Judge aided the Government in Best's prosecution. This is simply insufficient. *See United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (holding conclusions, opinions, or rumors are not sufficient to recuse). Best has not overcome the general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Moreover, there is no objectively reasonable basis for questioning this Judge's

impartiality. *See United States v. Evans*, 262 F.Supp.2d 1292, 1294 (D. Utah 2003) ("In the recusal context, the reasonable person standard contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'") (footnote and citation omitted). Accordingly, the motion for recusal is **DENIED**.

**DATED: April 27, 2010**              **/s/ RUDY LOZANO, Judge**
                                                                       **United States District Court**