# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JASON BEST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 2:00-CR-171 |
| | ) | (2:08-CV-59) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the "Rule 60(d)(1) Structural Error," filed by Petitioner, Jason Best, on April 28, 2010. For the reasons set forth below, the motion is **DISMISSED** for lack of jurisdiction. The Clerk is **ORDERED** to send a copy of this order to Jason Best, Prisoner #34828-077, McCreary USP, P.O. Box 3000, Pine Knot, KY 42635, or his most recent address.

BACKGROUND

Petitioner, Jason Best, was convicted by a jury of one count of conspiracy to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. section 846 (Count One), two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. section 841(a)(1) (Counts 2 and 3), and two counts of maintaining a place for distribution of crack cocaine in violation

of 21 U.S.C. section 856 (a)(1) (Counts 7 and 8).  Best was sentenced to a term of life imprisonment on Count 1, a term of 240 months imprisonment on Count 2, 480 months on Count 3, 240 months on Count 7, and 240 months on Count 8, all terms to be served concurrently.

Best filed a direct appeal with the Seventh Circuit, and on October 24, 2005, the Court of Appeals affirmed the conviction. *See United States v. Best*, 426 F.3d 937 (7th Cir. 2005).  The Seventh Circuit did, however, return the case to this Court for a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005).  After this Court received written arguments on the *Paladino* issue, it entered an order on March 7, 2006, finding that the original sentence calculated under the United States Sentencing Guidelines was fair and reasonable, and that the Court would have given the same sentence had it known that the Guidelines were merely advisory and not mandatory.  The Seventh Circuit then affirmed Petitioner's sentence.  *See United States v. Best*, 175 Fed.Appx. 755 (7th Cir. 2006).  Best also filed a petition for certiorari, which was denied on February 20, 2007. *See Best v. United States*, 127 S.Ct. 1304 (2007).

On February 19, 2008, Best filed a Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.  In that petition, Best set forth numerous arguments, claiming he was denied effective assistance of counsel

during pretrial motions and trial, on appeal, and during the sentencing proceedings. This Court entered a detailed order on September 22, 2008, denying the section 2255 petition.

Separate from his section 2255 petition, Best filed a motion for time reduction under 18 U.S.C. section 3582 on September 5, 2008. In that motion, Best argued he was entitled to a sentence modification pursuant to 18 U.S.C. section 3582(c) in light of the November 1, 2007, United States Sentencing Guidelines U.S.S.G. § 2D1.1(c) "crack" amendment as applied retroactively by U.S.S.G. ¶ 1B1.10. This Court denied Best's request for a sentencing modification in an order dated October 8, 2008.

Best then filed a motion to reopen the time to file an appeal under Rule 4(A), requesting that the Court reopen the time to appeal for both Best's section 2255 motion and section 3582 motion. Best also filed a notice of appeal on March 16, 2009, in which he stated that he did not receive the Court orders for the denial of his section 2255 and 3582 motions. Pursuant to Federal Rule of Appellate Procedure 22(b), the Court treated the notice of appeal as a petition for a certificate of appealability under 28 U.S.C. section 2253. In an order dated March 31, 2009, this Court denied Best's request to reopen the time to file an appeal from the order denying the motion to reduce sentence under 18 U.S.C. section 3582. The Court granted the motion to reopen the time to file an appeal as to Best's appeal of the Court's denial of his section 2255

petition; however, the Court denied Best's request for a certificate of appealability.

Best then filed a motion under Rule 60(b)(3) on May 1, 2009. This Court denied that motion on June 2, 2009. Best also filed a motion to recuse this Judge under 28 U.S.C. section 455, which this Court denied in an order dated April 27, 2010.

Best has filed the instant motion, entitled "Rule 60(d)(1) Structural Error," on April 28, 2010. In this motion, Best argues that it was error for this Court to deny Best counsel during the August 30, 2002 hearing on a motion for new trial on the grounds of ineffective assistance of counsel. Specifically, he argues that he should have been appointed a separate attorney during the hearing when he wanted to fire his trial attorneys. The Government filed a response to this motion on August 10, 2010. Although Best was given until September 9, 2010, to file a reply in support of his motion, he did not file any such reply. As such, the motion is fully ripe and ready for adjudication.

## DISCUSSION

Best claims that this Court has jurisdiction under Rule 60(d)(1) to review his claim that he was denied an attorney during a critical stage of his criminal proceeding, therefore, he could not show that his attorneys' actions were constitutionally ineffective, and this constitutes a Sixth Amendment Violation and

4

"structural error." (Mot., pp. 3-4.)

The text of Rule 60(d) provides:

> **Other Powers to Grant Relief**. This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).

The Supreme Court has stated that "an independent action should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). To prevent the restrictions of Rule 60 from "be[ing] set at naught," independent actions under Rule 60(d) must "be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *Id.* at 46 (quotation omitted). Thus, the independent-action clause provides only a "narrow avenue." *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002).

First, the Court notes that Best has not filed an "independent action," but rather has filed a motion in this terminated section 2255 matter. Thus, he has not properly invoked Rule 60(d)(1). *See Baily v. City of Ridgeland, Miss.*, No. 3:05-cv-266-WHB-JCS, 2008 WL

4793738, at *2 (S.D. Miss. Oct. 30, 2008).

But much more importantly, a number of courts have held that a post-dismissal motion under Rule 60(d) is really a second or successive claim for relief under section 2255, for which the movant must first obtain permission from the court of appeals before filing in the district court. *See, e.g., Nugent v. United States*, 255 Fed. Appx. 526, 526-27 (D.C. Cir. 2007) (affirming district court's treatment of Rule 60(d) independent action as a second and successive application under section 2255, and dismissing same for failure to obtain certificate of appealability); *United States v. Head*, No. 02-75(1) ADM/RLE, 2010 WL 2545857, at *1 (D. Minn. June 21, 2010) (treating motions under both Rule 60(b)(3) and 60(d)(3) as successive habeas motions requiring prior approval from court of appeals); *Heffington v. United States*, Nos. CV-F-96-5295 OWW, CR-F-93-5021 OWW, 2009 WL 2043012, at *4 (E.D. Cal. July 13, 2009) (holding motion under Rule 60(d)(1) to reopen and reconsider the final judgment dismissing section 2255 motion was second and successive claim under section 2255 and dismissing for lack of jurisdiction); *Dorsey v. Florida*, No. 8:08-cv-2380-T-30EAJ, 2008 WL 5110416, at *1-*2 (M.D. Fla. Dec. 3, 2008) (construing independent action under Rules 60(d)(1) and (3) as second and successive petition under section 2254).

Indeed, the one case cited by Best, *Sandoval v. Cain*, No. 09-3060, 2009 WL 4799250 (E.D. La. Dec. 4, 2009), which refers to a

"structural error" analysis, is an application for federal habeas corpus under 28 U.S.C. section 2254. Thus, it is inapplicable. In this case, the Court finds that Best's motion under Rule 60(d)(1) is a second and successive motion under section 2255, and therefore, this Court lacks jurisdiction.

CONCLUSION

For the aforementioned reasons, the Rule 60(d)(1) Structural Error motion is **DISMISSED** for lack of jurisdiction.

**DATED: September 22, 2010**      /s/ RUDY LOZANO, Judge
                                   **United States District Court**