IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION

JASON BEST,                      )
                                 )
Petitioner,                      )
                                 )
vs.                              )   NO. 2:00-CR-171
                                 )      (2:08-CV-59)
                                 )
UNITED STATES OF AMERICA,        )
                                 )
Respondent.                      )


## OPINION AND ORDER

This matter is before the Court on the: (1) "Motion for Relief Under Rule 60(b)(3)," filed by Petitioner, Jason Best, on November 22, 2010 (DE #753); and (2) Motion for "Fraud On The Court Rule 60(d)(3)," filed by Petitioner, Jason Best, on December 8, 2010 (DE #754). For the reasons set forth below, the Motion for Relief Under Rule 60(b)(3)(DE #753) is **DISMISSED** for lack of jurisdiction; and the Motion for Fraud On The Court Rule 60(d)(3) (DE #754), is **DENIED**. The Clerk is **ORDERED** to send a copy of this order to Jason Best, Prisoner #34828-077, USP McCreary, P.O. Box 3000, Pine Knot, KY 42635, or his most recent address.

## 60(b)(3)

Best argues in his motion for relief under Rule 60(b)(3) that he was selectively prosecuted. Best made the exact same argument

in his "Motion for Relief Under Rule 60(B)(3)," filed by Best on May 1, 2009 (DE #698), and dismissed by this Court for lack of jurisdiction in an order dated June 2, 2009 (DE #708). In fact, the text of his previous Rule 60(b)(3) motion (DE #698) at pages 4-6 is almost identical to the text in the present motion (DE #753), pages 1-3. In its June 2, 2009 order (DE #708), this Court found that Best's filing was really a successive 2255 motion, and therefore, he should have first sought permission from the Seventh Circuit before this Court could have addressed it. *See Dunlap v. Litscher*, 301 F.3d 873, 875 (7th Cir. 2002). The same reasoning applies here, in this almost word-for-word identical motion. Accordingly, Best's Rule 60(b)(3) motion is dismissed for lack of jurisdiction.

Rule 60(d)(3)

Best has also filed a motion under Rule 60(d)(3), arguing the Government committed fraud on the Court when it presented evidence at trial that was obtained from an unsigned search warrant. The same argument was made, with similar wording, in Best's Motion for Relief Under Rule 60(B)(3), under the subtitle "Forged Warrant." (DE #698, pp. 2-3.) The Court addressed this argument, and found that it was a successive § 2255 motion, which was dismissed for lack of subject matter jurisdiction. (*See* DE #708.)

Instead of a motion under 60(b), like his previous motion,

2

Best has styled the instant motion as one under Rule 60(d)(3). That section provides that Rule 60, which provides the grounds for relief from a final judgment, order, or proceeding, "does not limit a court's power to: (3) set aside a judgment for fraud on the court." It is true that "Rule 60(b)(3) does not, however, displace a judge's power to set aside a judgment for fraud on the court. Fed. R. Civ. P. 60(d)(3)." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). Because an action under Rule 60(d) for fraud on the court exists to protect the integrity of the judicial process, there is no time limit on such actions. *See Study v. United States*, 1:10-cv-0153-WTL-DML, 2010 WL 1881947, at *2 (S.D. Ind. May 7, 2010).

Fraud on the Court is a very high bar - it is fraud "directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents. . . It is [] fraud where . . . the impartial functions of the court have been directly corrupted." *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1266 (10th Cir. 1995) (quotation omitted). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). An action for fraud on the court is available only to "prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). Further, the

3

movant must show an "unconscionable plan or scheme" to improperly influence the court's decision. *Rozier*, 573 F.2d at 1338. "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Booker v. Dugger*, 825 F.2d 281, 283-84 (11th Cir. 1987) (quoting *DeVito v. Fidelity & Deposit Co. Of Maryland*, 361 F.2d 936, 937 (7th Cir. 1966)). Moreover, Best must prove the fraud by clear and convincing evidence, and show that it was prejudicial to him. *Wickens*, 620 F.3d at 759.

In this case, Best has not shown fraud on the Court in accordance with Rule 60(d)(3). Best has not alleged the necessary egregious misconduct. In his motion, he argues that Judge Julie Cantrell did not sign the search warrant for 798 Porter Street, and that the prosecutor then committed fraud on the Court by presenting false information that the search of 798 Porter was valid. Although Best refers to an Affidavit from Judge Julie Cantrell, he does not attach any affidavit to the instant motion, and the only affidavit from Judge Cantrell evident in the record at DE #698 Ex. 1, and DE #751, contains no signature by Judge Cantrell, and appears to be unexecuted. This is not the type of clear and convincing evidence necessary to prove fraud.

Best also refers to the trial testimony of Officer John Jelks, claiming he lied about receiving permission to search 798 Porter

Street. (Mot., DE #754, p. 3.) This Court has reviewed Officer Jelks' trial testimony, which mainly revolved around the search of 1536 Jackson Street (not 798 Porter Street), and sees no such alleged testimony about the search of 798 Porter Street. (Trial Tr. Vol. 5, July 19, 2002, pp. 5-854-875.) However, Officer Jelks did testify during a hearing on the motion to suppress held on November 1, 2002 (after the trial), that he had an oral conversation with Judge Cantrell, who requested that Officer Jelks fax the probable cause affidavit to Judge Cantrell - he faxed it to her, she then called and said she approved of the search and was faxing back her signature, he sat by the fax machine, then got her signature at approximately 5:25 p.m., and that the search was conducted at approximately 6:25 p.m. (Mot. To Suppress Hearing, Nov. 1, 2002, pp. 24-50.) When asked during the motion to suppress hearing if he falsified the Judge's signature, Officer Jelks specifically testified that he did not falsify it. (*Id.*, p. 50.) Thus, Best has produced no evidence whatsoever to this Court that fraud was committed on the Court by way of an alleged improper warrant.

Moreover, even assuming, *arguendo*, that the search warrant was not signed, Best has put forth no evidence of a plan or scheme to influence the judicial proceedings, or other such necessary egregious conduct such as fabrication of evidence. *See, e.g.*, *Rozier*, 573 F.2d at 1338. Finally, Best cannot establish

prejudice. After filing a motion to suppress the evidence from the search of 798 Porter Street much earlier in this case, this Court rejected Best's arguments in an extensive order, finding that Best had no legitimate expectation of privacy in 798 Porter Street, and therefore, had no standing to challenge the search (DE #511). As such, Best's claim under Rule 60(d)(3) also fails.


**DATED: January 26, 2011**          **/s/ RUDY LOZANO, Judge**
                                     **United States District Court**