UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:00 CR 171 |
| | ) | |
| JASON BEST | ) | |

**OPINION and ORDER**

Defendant Jason Best has filed a motion for reconsideration of this court's order reducing his sentence pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018, H.R. 5682, 115th Cong. (Dec. 21, 2018), and for the appointment of counsel to assist in filing that motion. (DE ## 840, 843, 846, 847, 848.) For the reasons set forth below, the motions are denied.

**I.    BACKGROUND**

In 2002, defendant was found guilty by a jury of crack cocaine charges. (DE # 400.) At sentencing, Judge Rudy Lozano sentenced defendant to the guidelines range of life imprisonment. (DE # 554.) Defendant's conviction and sentence were later affirmed by the Seventh Circuit Court of Appeals. (DE ## 571, 583.)

In 2019, defendant moved pursuant to 18 U.S.C. § 3582 for a reduction in his sentence under Section 404 of the First Step Act, the purpose of which was "to address the disparities between sentences for crack and powder cocaine" for certain drug offenses such as Count 1 of defendant's indictment. *United States v. Shaw,* 957 F.3d 734, 735 (7th Cir. 2020). The court appointed defendant counsel, who filed an additional motion on defendant's behalf. (DE ## 809, 819.)

In granting that motion, this court determined that the Fair Sentencing Act shifted Count 1's statutory penalty range from 10 years to life imprisonment, to 5 to 40 years imprisonment. 21 U.S.C. § 841(b)(1)(B) & 960(b)(2). The guidelines range for Count 1 also shifted to reflect the statutory maximum of 40 years. U.S.S.G. § 5G1.1. The court carefully considered this advisory guidelines range.

In line with *Shaw,* 957 F.3d at 741-42, the court also considered defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a). The court acknowledged that defendant had taken advantage of numerous educational and training opportunities. The court further considered letters submitted on defendant's behalf. However, the court also contemplated the seriousness of defendant's involvement as a leader in a major crack conspiracy, and the rehabilitation opportunities defendant had been offered over time, none of which had been successful. Defendant's federal prison disciplinary record also revealed over a dozen infractions, some involving fighting. In light of all of these factors, the court found that reducing defendant's sentence on Count 1 from life imprisonment to a guidelines sentence of 40 years was appropriate. (DE # 833.) Defendant now seeks reconsideration of that decision and a further reduction.

## II.    DISCUSSION

### A.    Appointment of Counsel

At the outset, the court addresses defendant's request for the appointment of counsel to assist him with the present motion for reconsideration. Defendant possesses no right to appointment of counsel for purposes of filing a First Step Act motion, much

less a motion to reconsider a court's order granting First Step Act relief. *See United States v. Foster,* 706 F.3d 887, 888 (7th Cir. 2013); *United States v. Blake,* 986 F.3d 756, 758 (7th Cir. 2021). Notably, despite defendant's lack of entitlement to an attorney for First Step Act purposes, this court *did* appoint counsel to assist defendant. (DE # 811.) Appointed counsel filed a competent and thoughtful motion on defendant's behalf; this motion was granted and defendant's sentence on Count 1 was reduced from life imprisonment to 40 years. (DE # 819.) After that reduction, defendant moved repeatedly to remove appointed counsel from the case; this result had already been effectuated with counsel's withdrawal. (DE ## 842, 845.) Defendant is not entitled to a second lawyer after becoming dissatisfied with the first, to which he had no entitlement in the first place.

    **B.**    **Alleged Errors in Court's Prior Order**

Turning to the substantive arguments in defendant's motion, the court first considers defendant's argument that the court also should have reduced his sentence for Count 3, instead of simply Count 1. (DE # 847 at 2.) As was the case when the court granted defendant's motion for First Step Act relief (DE # 833 at 3), Count 3 is in time-served status (DE # 826 at 2). Accordingly, defendant's argument in this regard is moot.

Next, defendant argues that this court erred under *United States v. Williams,* 32 F.4th 653, 654 (7th Cir. 2022), by failing to calculate the amended statutory range that his conviction carried before ruling on defendant's First Step Act motion. (DE # 846 at 3.) However, this court clearly stated in its order granting First Step Act relief that defendant's amended statutory range for Count 1 was 5 to 40 years. (DE # 833 at 3.) Therefore, no error occurred for this court to correct on reconsideration.

### C.    Arguments Unaddressed by Appointed Counsel

Defendant next argues that appointed counsel failed to put forth numerous arguments on defendant's behalf. He urges the court to consider these unaddressed issues as additional Section 3553(a) factors in the context of his Fair Sentencing Act motion. The Supreme Court recently clarified that district courts may consider "intervening changes of law or fact" in exercising their discretion to reduce a sentence pursuant to the First Step Act. *Concepcion v. United States,* 597 U.S. 481, 500 (2022) (holding that new legal principles such as amendments to the guidelines and new facts such as a defendant's behavior during incarceration are proper considerations in the context of First Step Act motions). Accordingly, the court will consider defendant's three arguments that changes in the law which occurred after defendant's original sentencing should be considered as Section 3553(a) factors in the context of defendant's First Step Act motion.

Defendant first argues that the court should consider the impact of the Supreme Court's decision in *Alleyne v. United States,* 570 U.S. 99, 103 (2013), on his case. In *Alleyne*, the Supreme Court held that a jury must determine any fact that increases the mandatory minimum penalty. *Id.* For example, where a 5–year minimum term of imprisonment would apply for "us[ing] or carr[ying] a firearm," and a 7-year minimum would apply "for cases in which a firearm has been 'brandished,'" the 7-year minimum could not be imposed unless a jury determined that the firearm was "brandished." *See id.* If that fact were not proven, then the 5-year minimum would apply. *Id.*

4

In this case, defendant is incontestably subject to a statutory minimum of 5 years imprisonment (as well as a statutory maximum of 40 years). 21 U.S.C. § 841(b)(1)(B) & 960(b)(2). (*See* DE # 829 at 4.) This fact was explained in the court's order reducing defendant's sentence to 40 years. (DE # 833 at 3.) However, defendant insists that *Alleyne* prevents the court from imposing any sentence above the 5-year minimum without additional fact-finding by a jury. (DE # 829 at 4.) This argument represents a misunderstanding of *Alleyne*. That case only addresses the determination of the statutory *minimum.* In other words, *Alleyne* is concerned with the "floor" or lowest possible sentence in a particular case. *Alleyne* does not require the court to impose the minimum, nor does it dictate any conditions that must be satisfied in order for a judge to ultimately select a sentence *greater than* the minimum. In this case, no argument has been made (or can be made) that the statutory minimum of 5 years was miscalculated or otherwise offends *Alleyne*, so defendant's argument is rejected and the court need not consider *Alleyne* as a Section 3553(a) factor for purposes of defendant's First Step Act motion.

Defendant next argues that his sentence should be reduced in accordance with *Ruan v. United States,* 597 U.S. 450 (2022). That case pertains to the Comprehensive Drug Abuse Prevention and Control Act's exception for "authorized use," which functions as a defense for medical doctors and other professionals against prosecution when they dispense drugs for legitimate medical purposes. *Id.* Defendant is not a medical doctor nor has he ever served in any role through which he might have dispensed drugs in an

5

authorized manner. Accordingly, *Ruan* has no application to his case, and the court declines to consider it as a Section 3553(a) factor.

Defendant also advocates that this court should apply *United States v. Asbury*, 27 F.4th 576 (2022), to his case. *Asbury* reiterates the principle that a district court errs when it fails to calculate the correct guidelines range as the starting point for determining a proper sentence. *Id*. Further, *Asbury* holds that a district court judge cannot "inoculate" his decision against this particular error by stating at sentencing that he would impose the same sentence "even if I erred in some way in the calculation of the applicable guidelines." *Id.* at 579.

In this case, the Seventh Circuit has already reviewed and affirmed Judge Lozano's calculation of the advisory guidelines range applicable to defendant, as well as the sentence Judge Lozano chose in light of those guidelines. *United States v. Best,* 175 F. App'x 755 (7th Cir. 2006). Further, this court perceives no error in its own calculation of the amended guidelines range applicable to defendant in the context of the First Step Act motion that this court has already granted. Additionally, defendant does not allege that either Judge Lozano or this court made any "inoculating" statements at sentencing or in reducing his sentence. In short, *Asbury* has no application in this case, so the court will not consider it as a Section 3553(a) factor.

**D.    Arguments Amounting to Collateral Attacks**

The remainder of defendant's arguments attack the validity of defendant's conviction and sentence– arguments that historically have been confined to the domain

6

of direct appeal or collateral attack (such as a motion filed pursuant to 28 U.S.C. § 2255 or § 2241).

While *Concepcion* states that the court has discretion to consider a wide range of arguments in the context of reducing a sentence under the First Step Act, it also holds that the court's discretion is bounded "when Congress or the Constitution expressly limits the type of information a district court may consider in modifying a sentence." *Concepcion,* 597 U.S. at 491. Every circuit to consider the issue post-*Concepcion* has concluded that collateral attack statutes such as Section 2255 and 2241 create such a boundary, so the First Step Act cannot be used to avoid the procedures and limitations of those statutes. *See, e.g., United States v. Potts,* No. 22-2200, 2023 WL 2537301, at *2 (3d Cir. Mar. 16, 2023), cert. denied, 144 S. Ct. 227, 217 L. Ed. 2d 100 (2023) (First Step Act motion was "not the appropriate vehicle to attack [defendant's] convictions"); *United States v. West,* 70 F.4th 341, 346 (6th Cir. 2023), cert. denied, No. 23-5698, 2024 WL 759833 (U.S. Feb. 26, 2024) (First Step Act "cannot provide an end run around habeas"); *United States v. Amato,* 48 F.4th 61, 63 (2d Cir. 2022), cert. denied sub nom. *Orena v. United States,* 143 S. Ct. 1025 (2023) ("Facts and arguments that purport to undermine the validity of a federal conviction must be brought on direct appeal or pursuant to 28 U.S.C. § 2255 or § 2241.").

The Seventh Circuit has not ruled on precisely how *Concepcion* and collateral attack statutes like Section 2255 interact. However, prior to *Concepcion*, the Seventh Circuit held that a defendant could not utilize the compassionate release provision of

7

the First Step Act to challenge a potential error in his sentence, as it "would circumvent the normal process for challenging potential sentencing errors, either through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion." *United States v. Martin,* 21 F.4th 944, 946 (7th Cir. 2021). *Martin*'s sentiment, combined with the cohesive decisions of other circuits post-*Concepcion*, compels this court to conclude that, if presented with the question, the Seventh Circuit would hold that defendants may not avoid the constraints of Section 2255 by wrapping collateral attacks in First Step Act packaging.

Defendant has already made several unsuccessful attempts to collaterally attack his conviction and sentence via Section 2255. *See, e.g., United States v. Best,* No. 2:00-CR-171, 2008 WL 4414686, at *1 (N.D. Ind. Sept. 22, 2008); *Best v. United States,* No. 2:00-CR-171, 2011 WL 321153, at *1 (N.D. Ind. Jan. 26, 2011). Successive motions under the statute must be authorized by the Court of Appeals. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Thus, to the extent that defendant's remaining arguments constitute collateral attacks, the court is without jurisdiction to entertain his contentions unless and until defendant obtains authorization. *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). For the sake of completeness, however, the court now explains how it would have ruled on defendant's remaining arguments if it had jurisdiction to do so.

First, defendant claims that his co-defendant Dennis Best accepted responsibility for some of the drugs that were attributed to defendant, which "kills the nexus" between those drugs and defendant. (DE # 809 at 5; DE # 829 at 1.) However, an

8

admission by Dennis Best regarding responsibility for certain drugs does not clear defendant of responsibility for the same. *United States v. Mumford,* 25 F.3d 461, 465 (7th Cir. 1994) ("district courts may correctly aggregate all the quantities of drugs involved in an entire, basic scheme of multiple defendants when it determines an individual defendant's base offense level"). Accordingly, this alleged sentencing error would be given no weight in the court's consideration of Section 3553(a) factors.

Second, defendant urges the court to consider that he stipulated to being responsible for 73.2 grams of crack for sentencing purposes, but not more than that. (DE # 552 at 4; DE # 809 at 4.) He argues that he should not be held responsible for anything beyond the amount stipulated, again citing *Asbury,* 27 F.4th 576. However, *Asbury* held that a district court judge cannot "inoculate" a sentence by stating, during sentencing, that even if he were wrong about the guidelines range, he would have settled on the same sentence. *Id.* As explained above, the facts of this case do no implicate *Asbury*. Further, the fact that defendant stipulated to responsibility for a particular amount does not mean that Judge Lozano was unable to attribute additional amounts to defendant for sentencing purposes. *United States v. Barnes,* 602 F.3d 790, 795 (7th Cir. 2010); *United States v. Boswell,* 711 F. App'x 803, 805 (7th Cir. 2018). For this reason, the court would also give no weight to this alleged error.

Third, defendant objects to the composition of the venire from which his jury was chosen, as well as the fact that another criminal case received jurors from the venire before his case. (DE # 829 at 3.) Defendant has presented this argument numerous

9

times, to no avail. *See, e.g., United States v. Best,* 214 F. Supp. 2d 897, 899 (N.D. Ind. 2002). The court would not come to a different conclusion on the issue were it to consider it today, so the supposed error would receive no weight in the court's Section 3553(a) analysis.

Fourth, defendant presents another version of his repeated allegation that he received ineffective assistance of counsel at trial. (DE # 829 at 3.) Almost twenty years ago, the Seventh Circuit took the unusual step of allowing defendant to raise the issue of ineffective assistance of trial counsel on direct appeal (as opposed to collateral attack), but it ultimately rejected defendant's arguments nonetheless. *United States v. Best,* 426 F.3d 937, 946 (7th Cir. 2005). Defendant has since repeatedly made the same basic argument regarding ineffective assistance of counsel, in various incarnations, all of which have been rejected by Judge Lozano and the Court of Appeals.

This time, defendant claims that, post-trial but pre-appeal, he was denied the appointment of a *new* attorney to assist him with moving for a new trial due to ineffective assistance of his trial attorney. (DE # 829 at 3.) As another district court recently explained, "although the [Supreme] Court has considered whether defendants have a sixth amendment right to counsel in a variety of contexts, it has never assessed whether the filing of a post-trial, pre-appeal, new trial motion premised on ineffective assistance of trial counsel constitutes a 'critical stage' of a criminal prosecution" which would trigger a constitutional right to counsel. *Moore v. Pfister,* No. 15 CV 10376, 2018 WL 1565598, at *19 (N.D. Ill. Mar. 31, 2018). Like the court in *Moore,* this court declines

10

to create such a doctrine without precedent. Accordingly, this alleged error would receive no consideration in the court's balance of Section 3553(a) factors.

Fifth and finally, defendant claims that the affidavit of Judge Judie Cantrell, an Indiana State judge, proves that she never signed any search warrants concerning 798 Porter, where drugs were found and later attributed to defendant. (DE # 829 at 3.) However, Judge Lozano determined long ago that defendant lacked the legitimate expectation of privacy necessary to vest him with any constitutional protection regarding 798 Porter. *United States v. Best,* 255 F. Supp. 2d 905, 913 (N.D. Ind. 2003). Thus, no warrant was necessary, and the affidavit submitted by defendant purporting to attack the validity of that warrant requires no consideration in the court's Section 3553(a) analysis.

## III.   CONCLUSION

As set forth in detail above, the court perceives no errors in its prior ruling, and defendant is not entitled to consideration of any additional factors under Section 3553(a) in the context of reducing defendant's sentence under the First Step Act. Thus, the court's prior ruling on defendant's First Step Act motion stands (DE # 833), and defendant's motions for reconsideration of that ruling (and all requests for appointment of counsel contained therein) are **DENIED.** (DE ## 840, 843, 846, 847, 848.)

**SO ORDERED.**

Date: April 1, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT